# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**GIOVANNI BARRICELLI,**
Individually and on behalf of all other similarly situated current and former employees,

Plaintiff,

No. _____

v.

**SOLDIER TRUCKING, LLC d/b/a SOLDIER DELIVERY**
*a Wisconsin Limited Liability Company*, and
**TRAVIS SMITH**, individually,

FLSA Opt-in Collective Action

JURY DEMANDED

Defendants.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Giovanni Barricelli, individually, and on behalf of himself and all others similarly situated, hereby files his Collective Action Complaint ("Complaint") against Soldier Trucking d/b/a Soldier Delivery, a Wisconsin Corporation, and Travis Smith, individually, and alleges as follows:

### I. INTRODUCTION

1. Plaintiff Giovanni Barricelli ("Plaintiff") was an employee of Soldier Trucking, LLC d/b/a Soldier Delivery ("Soldier Trucking") at all times relevant to this Complaint.

2. This lawsuit is brought against Soldier Trucking, LLC and Travis Smith, (collectively "Defendants") as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid wages for Plaintiff and other similarly situated employees who are members of a class as defined herein and currently or previously were

employed as delivery drivers by Defendants.

3. At all times material to this Complaint, Plaintiff and others similarly situated performed non-exempt delivery driver job duties on behalf of Defendants.

4. Plaintiff was employed by Defendants during all times relevant to this action. Others similarly situated have been employed by Defendants at all times relevant herein.

5. Based on the information preliminarily available, and subject to discovery in this cause, Defendants did not compensate Plaintiff and those similarly situated for all time spent working, including overtime hours worked in excess of forty (40) per week during weekly pay periods relevant to this action.

## II. JURISDICTION AND VENUE

6. The FLSA authorizes actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff resides in this district, performed job duties as an employee of Soldier Trucking in this district, Defendants receive and deliver packages for Amazon.com, Inc. ("Amazon") throughout this district, Defendants regularly conduct business in this district, and Defendants' wage and hour plans, policies, and practices have been administered in this district. Soldier Trucking has violated, and continues to violate, the FLSA within this district at all times relevant to this Complaint. Defendant Travis Smith, as the owner and managing member of Soldier Trucking, LLC during times relevant to this Complaint, has been responsible for establishing and administering Soldier Trucking's common payroll and compensation plans, policies and practices in this district and throughout the United States.

### III. CLASS DESCRIPTION

8. Plaintiff brings this action on behalf of the following similarly situated persons:

    All current and former delivery drivers employed by Soldier Trucking, LLC d/b/a Soldier Delivery who have performed job duties at any of their delivery facilities/hubs in the United States at any time during the applicable limitations' period covered by this Complaint (i.e. two years for FLSA violations, and three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").

### IV. PARTIES

9. Defendant Soldier Trucking, LLC is a Wisconsin Limited Liability Company with its principal office and address located at 5385 Freitag Dr., Ste. 2, Menomonie, Wisconsin 54751-8940. According to the Wisconsin Secretary of State, Soldier Trucking, LLC may be served through its registered agent for service of process at 5385 Freitag Dr., Ste. 2, Menomonie, Wisconsin 54751-8940. According to the Tennessee Secretary of State Soldier Trucking is not registered to do business in Tennessee as of the filing of this Complaint.

10. Defendant Travis Smith is the owner and managing member of Soldier Trucking, LLC. Travis Smith may be served for purpose of service of process at 5385 Freitag Dr., Ste. 2, Menomonie, Wisconsin 54751-8940.

11. Defendants constitute an integrated enterprise because their related activities (i.e. owning and operating delivery vehicles to deliver Amazon packages and parcels), unified operation, and exercise of common control, by person or persons (Travis Smith) for a common business purpose as that term is defined the FLSA, 29 U.S.C. §203(r).

12. Plaintiff Giovanni Barricelli is an adult citizen of the United States and was employed as a delivery driver of Defendants in this district during all times relevant to this action. Specifically, Plainitff Barricelli was employed by Defendants from November 2018 to January 2019. Plaintiff Barricelli's "Consent to Join" is attached as *Exhibit A*.

## V. ALLEGATIONS

13. Defendant Soldier Trucking, LLC is in the business of delivering packages and parcels in municipal areas throughout Tennessee, Minnesota, Wisconsin, Illinois, and Iowa for Amazon under the control and direction of its owner, Travis Smith.

14. The principal stockholder and managing member of Soldier Trucking, LLC is Defendant Travis Smith.

15. Defendant Travis Smith is subject to personal jurisdiction in the state of Tennessee for purposes of this lawsuit.

16. Upon information and belief, Defendant Travis Smith hired and fired delivery drivers, established the rate of pay for delivery drivers, and made other decisions which affected the terms and conditions of work for employees such as the Plaintiff.

17. Upon information and belief, Defendant Travis Smith made the decision to not pay the Plaintiff and other delivery drivers overtime in violation of the FLSA.

18. Throughout the recovery period applicable to this action, upon information and belief, Defendant Travis Smith knew that the law required that the delivery drivers who worked for him be paid overtime for each hour they worked in excess of forty (40) in any given workweek.

19. Defendants are and/or have been the "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d) of the FLSA as well as employers of all other persons hired to work for

Defendants as delivery drivers.

20. Plaintiff and those similarly situated are and/or have been delivery drivers of Defendants during all times relevant to this action.

21. Defendants employed Plaintiff and those similarly situated and were responsible for establishing and administering pay policies and practices, including pay classifications and overtime compensation rates of pay under the control and direction of Travis Smith, during all times relevant to this action.

22. Defendants have maintained a common plan, policy, and practice of establishing and administering pay for Plaintiff and other similarly situated delivery drivers at all times relevant herein.

23. Defendants' common payroll and compensation plans, policies, and practices relating to Plaintiff and other similarly situated delivery drivers have been established, implemented and administered by and through Travis Smith, as the respective owner of Soldier Trucking, LLC, and on his behalf individually.

24. At all times relevant to this action, Plaintiff and those similarly situated are and/or have been "employees" of Defendants, as defined by Section 203(e)(l) of the FLSA, and were employed by Defendants within the territory of the United States of America within three (3) years preceding the filing of this lawsuit.

25. At all times material to this action, Soldier Trucking, LLC has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(l) of the FLSA, with annual revenue in excess of $500,000.00.

26. Defendants have been subject to the pay requirements of the FLSA within weekly pay periods during the relevant statutory limitations' period.

27. Plaintiff and other class members' primary duties are, and have been, to deliver Amazon packages and parcels to businesses and individuals within designated territories.

28. Defendants have had a centralized common plan, policy, and practice of only paying Plaintiff and those similarly situated delivery drivers a "day-rate" of pay of around $140.00 per day for all hours worked within weekly pay periods during the relevant statutory period. Plaintiff and other delivery drivers are not compensated at one and one-half times their regular rate of pay – as mandated by the FLSA – for all hours worked in excess of forty (40) per week within such weekly pay periods.

29. At the outset of Plaintiff's employment, he was offered the position of delivery driver for Defendants with the explanation that he would be working 9:00AM to 5:00PM and would be paid an hourly rate of $15.00 to $20.00 per hour for his work. However, when Plaintiff began his employment, Defendants only offered a $140.00 "day rate" of pay for his work.

30. Plaintiff was scheduled to work shifts that ran from 9:00AM until 5:00PM, but in reality, Defendants required him to work from 7:00AM until 7:00/8:00PM, averaging around fifty-eight (58) hours per week during his employment.

31. Further, Plaintiff's time records were "edited" or "adjusted" by Defendants to reflect that he clocked-out and ended his shift at 5:00PM no matter when he actually stopped performing work for Defendants. Additionally, Plaintiff was not allowed to clock into the timekeeping system until 9:00AM despite being required to actually begin work for his scheduled shifts prior to that time. As noted above, Plaintiff and other delivery drivers of Defendants were required to begin work for the scheduled shifts early and work past the scheduled end time of their shifts.

32. Plaintiff and those similarly situated are non-exempt from overtime compensation under the

FLSA and are therefore entitled to compensation of one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) per week within weekly pay periods during all times relevant to this action.

33. Plaintiff and those similarly situated have performed work for Defendants in excess of forty (40) hours per week within weekly pay periods during all times relevant herein, without being compensated for such overtime hours at one and one-half times their regular hourly rate of pay for all such overtime hours.

34. Defendants do not, and have not, paid Plaintiff and those similarly situated at one and one-half times their hourly rate of pay for all hours they have worked in excess of forty (40) hours per week within weekly pay periods during all times relevant to this action, as required by the FLSA, and Plaintiff and those similarly situated therefore are entitled to recover such unpaid overtime compensation from Defendants.

35. Defendants have failed to properly record Plaintiff and other class members' work hours, including hours worked in excess of forty (40) per week, as required by the FLSA and, thereby have violated the recordkeeping requirements of the FLSA.

36. Defendants are unable to bear their burden of demonstrating that Plaintiff and other class members fall within any of the FLSA overtime exemptions.

37. The net effect of Defendants' plan, policy, and practice of failing to properly record and pay Plaintiff and other class members overtime compensation for all hours worked in excess of forty (40) per week within weekly pay periods during all relevant times, was a scheme to save payroll costs and payroll taxes for which they have unjustly enriched themselves and enjoyed ill-gained profits at the expense of Plaintiff and other class members.

38. Although at this stage Plaintiff is unable to state the exact amount owed to him and other

class members, he believes such information will become available during the course of discovery. However, when an employer fails to properly keep complete and accurate time records of its employees, such employees may establish the hours they worked, including overtime hours, solely by their testimony and the burden of proof of overcoming any such testimony shifts to the employer.

39. The overtime provision set forth in §207 of the FLSA applies to the Defendants.

## VI. COLLECTIVE ACTION ALLEGATIONS

40. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

41. Plaintiff brings this action on behalf of himself and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

42. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

43. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiff at this time, and can only be ascertained through applicable discovery, Plaintiff believes there are more than 500 individuals in the class.

44. The claims of Plaintiff are typical of the claims of the class. Plaintiff and the other members of the class work or have worked for Defendants and were subject to the same operational, compensation and pay plans, policies, and practices, including the failure of Defendants to pay Plaintiff and others similarly situated employees overtime compensation for all hours worked in excess of forty (40) hours within weekly pay periods during all times relevant to this action.

45. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Defendants required Plaintiff and other members of the class to work hours in excess of forty (40) per week within weekly pay periods of the limitations' period, without being compensated at one and one-half times their regular hourly rate of pay for all such overtime hours;
- Whether Plaintiff and other members of the class were exempt from the FLSA overtime requirements during times relevant to this action;
- Whether Defendants failed to pay Plaintiff and other members of the class all applicable straight time wages for all hours worked in excess of forty (40) hours per week within weekly pay periods during all times relevant to this action;
- The correct statutes of limitations for Plaintiff's claims and the claims of the other members of the class;
- Whether Plaintiff and other members of the class are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and
- Whether Defendants are liable for interest, attorneys' interest, fees, and costs.

46. Plaintiff will fairly and adequately protect the interests of the class as his interests are aligned with those of the other members of the class. Plaintiff has no interests adverse to the class, and Plaintiff has retained competent counsel who are experienced in collective action litigation.

47. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation

suffered by individual members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of the litigation of individual actions, making it virtually impossible for other members of the class to individually seek redress for the wrongs done to them.

48. Plaintiff and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful pay policies, practices, and procedures implemented and administered by Defendants.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

49. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

50. At all relevant times, Defendants have been and continue to be an "employer" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all relevant times to this Complaint.

51. At all relevant times, Defendants employed (and/or continue to employ) Plaintiff and each of the other members of the class within the meaning of the FLSA.

52. At all times relevant, Defendants have had a uniform plan, policy, and practice of willfully refusing to pay the federal applicable overtime compensation to Plaintiff and other members of the class for all hours worked in excess of forty (40) hours per week.

53. At all times relevant, Defendants have had actual and/or constructive knowledge of willfully refusing to pay the federal applicable overtime compensation to Plaintiff and other members of the class for all hours worked in excess of forty (40) hours per week.

54. At all times relevant, Defendants did not have a good faith basis for their failure to pay the federal applicable overtime compensation to Plaintiff and other members of the class for all hours worked in excess of forty (40) hours per week.

55. As a result of Defendants' willful failure to pay Plaintiff and other members of the class overtime compensation for all hours worked over forty (40) per week during the relevant statutory limitations' period, they have violated the FLSA, 29 U.S.C. §§ 201, *et seq.*

56. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

57. Due to Defendants' willful FLSA violations, and lack of good faith, in their failure to pay Plaintiff and the other members of the class overtime compensation for all hours worked in excess of forty (40) hours per week during the relevant statutory limitations' period, Plaintiff and putative class members are entitled to recovery of unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. *§* 216(b).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, individually and on behalf of himself and all other similarly situated members of the class, demand judgment, jointly and severally, against Defendants, Soldier Trucking, LLC and Travis Smith, individually, as well as to request this Court to grant the following relief against said Defendants:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this

action by filing individual Consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid overtime and minimum wages to Plaintiff and other members of the class;

C. An award of liquidated damages to Plaintiff and other members of the class;

D. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and other members of the class;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action;

G. A Declaration that Plaintiff and other members of the class were misclassified as exempt and entitled to unpaid overtime damages to be proven at trial;

H. A Declaration that Defendants have willfully violated the FLSA;

I. Award a reasonable incentive award for the Plaintiff to compensate him for the time and effort he has spent protecting the interests of other delivery drivers and the risks he has undertaken; and

J. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **trial by jury** on all issues so triable.

Dated: February 11, 2019.					Respectfully submitted,

*s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #08323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathaniel A. Bishop (TN BPR #35944)
**JACKSON, SHIELDS, YEISER & HOLT**
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*

and

Nina Parsley (TN BPR #23818)
**PONCE LAW**
400 Professional Park Drive
Goodlettsville, TN 37072
*nina@poncelaw.com*

*Attorneys for Named Plaintiff and similarly situated current and former employees*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of February, 2019, I electronically filed the foregoing document with the Court's ECF system. Service of this Complaint will be made on Defendants with summonses to be issued by the Clerk per the Federal Rules of Civil Procedure.

*s/Gordon E. Jackson*
Gordon E. Jackson

Page **13** of **13**
Case 3:19-cv-00136   Document 1   Filed 02/11/19   Page 13 of 13 PageID #: 13