IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GIOVANNI BARRICELLI, INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED CURRENT AND FORMER EMPLOYEES,<br><br>Plaintiff,<br><br>v.<br><br>ST LOGISTICS, LLC, D/B/A SOLDIER DELIVERY, A WISCONSIN LIMITED LIABILITY COMPANY, AND TRAVIS SMITH, INDIVIDUALLY,<br><br>Defendants. | Case No. 3:19-cv-00136<br><br>Chief Judge Crenshaw |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND
MEMORANDUM IN SUPPORT OF THE MOTION**

Named Plaintiff, Giovanni Barricelli, and Defendants, ST Logistics, LLC and Travis Smith, file this Joint Motion for approval of a Settlement Agreement, which is attached hereto as *Exhibit A*. The parties to this civil action hereby stipulate to the voluntary dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(a).

**BACKGROUND**

Named Plaintiff, Giovanni Barricelli, is a former employee of Defendant, ST Logistics, LLC, ("Soldier Delivery")[1]. Barricelli worked for Soldier Delivery as a delivery driver, picking up packages from an Amazon warehouse in Nashville, Tennessee, and delivering those packages to Amazon customers. The parties dispute whether, during their employment with Soldier Deliver, Mr. Barricelli and other drivers who have joined the case as Opt-In Plaintiffs were properly paid overtime premiums for hours they worked over forty (40) hours in a workweek in

---

[1] The parties dispute whether or not Plaintiffs were employees of individual Defendant Travis Smith and whether the Court can exercise personal jurisdiction over Mr. Smith.

compliance with the overtime provisions of the FLSA. In particular, Named Plaintiff Giovanni Barricelli alleges that he and other drivers were paid only a "day rate" regardless of the number of hours they worked and were not paid any overtime premiums when they worked over forty (40) hours in a workweek. He also alleged that Defendants altered his time records in order to avoid paying him overtime. Defendants, on the other hand, deny these allegations. Defendants deny that Plaintiffs were paid based on a "day rate." Rather, Defendants contend that Soldier Delivery paid Plaintiffs an hourly wage and paid overtime premiums at the rate required by the FLSA for all hours worked over forty hours per week. Defendants contend that Soldier Delivery maintained detailed and accurate records of time worked by Plaintiffs at all times and paid them for all hours that they worked.

During the initial stages of this case, Plaintiff responded to written discovery requests, Defendant ST Logistics, LLC, took the Named Plaintiff's deposition, and the Named Plaintiff filed a Motion for Conditional Certification. Although Defendants believed that they had a good faith basis for opposing that Motion, solely to preserve resources and in the interests of judicial economy and in lieu of protracted briefing on the question, Defendants agreed to stipulate the Court's conditional certification and authorization of issuance of notice in this case to a limited putative class consisting of:

> Any person who was employed by ST Logistics, LLC, in Nashville, Tennessee, as a delivery driver delivering packages to Amazon customers in and around Nashville, Tennessee, within the preceding three years and who was hired by ST Logistics, LLC, on or before January 14, 2019 (the "Conditional Class").

During the applicable notice period, seven (7) individuals filed opt-in consent forms. Three (3) individuals had filed opt-in consent forms prior to the notice period, bringing the total number of opt-in plaintiffs in this case to ten (10).

Following the close of the notice and opt-in period, the parties entered into settlement negotiations, which included the voluntary exchange of additional information between the parties. Following extensive negotiations, the parties agreed to resolve the disputed factual and legal issues and reached a settlement on terms set forth in the parties' Settlement Agreement. The settlement contemplates settlement payments to Plaintiffs and to Plaintiffs' counsel that are set forth in the Settlement Agreement. The parties agree that the amounts set forth therein are sufficient to compensate Plaintiffs for their disputed claims for unpaid overtime compensation, liquidated damages and attorneys' fees.

## APPROVAL OF THE SETTLEMENT AGREEMENT

It is well-settled that parties may present a proposed FLSA settlement to the district court for approval. *See* 29 U.S.0 § 215(b); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1354 (11th Cir. 1982). A district court, when reviewing a proposed settlement of an FLSA claim, must "scrutinize the settlement for fairness" and decide whether the proposed settlement agreement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1353, 1355.

The Named Plaintiff filed this civil action challenging certain of Soldier Delivery's pay practices, including alleging that Soldier Delivery paid him based on a "day rate" and did not pay him any overtime premiums when he worked over forty hours in a workweek. He also alleged that Defendants altered his time records in order to avoid paying him for all hours worked. As explained above, Defendants dispute the Named Plaintiff's allegations. Defendants contend that Soldier Delivery did not utilize a "day rate" to compensate Plaintiffs but rather paid Plaintiffs an hourly wage and overtime premiums in compliance with the FLSA. Defendants further maintain that Soldier Delivery maintained detailed and accurate records of time worked by Plaintiffs at all

times and paid them for all hours that they worked. Defendants have asserted various affirmative defenses and asserted, and continue to assert, that they had reasonable grounds to believe they were in compliance with the FLSA at all times and acted in good faith and not in willful violation of the FLSA.

The parties jointly submit that this Court should approve the Settlement Agreement because the settlement was negotiated and reached in an adversarial context after sufficient investigation, discovery and the exchange of information concerning the issues in dispute in the case. Plaintiffs are represented by competent and experienced counsel, and the settlement agreement reflects a reasonable resolution of disputed issues and a reasonable compromise of the claims based upon the likelihood of success on the merits, and the risks and uncertainties of litigation. The settlement payments are fair and do not represent a compromise of any undisputed claim for unpaid wages. Plaintiffs and Defendants continue to disagree over the merits of the claims and defenses asserted.

## CONCLUSION

The Parties believe that the settlement reached is a fair and reasonable compromise of the respective positions of both sides. The Parties, therefore, respectfully request the Court approve the settlement and enter the Proposed Order that has been filed with this Joint Motion. The Parties further request that this civil action be dismissed with prejudice by order of the Court.

Respectfully submitted,

| | |
|---|---|
| */s/J. Russ Bryant* | */s/ Wendy V. Miller* |
| J. Russ Bryant | Wendy V. Miller, TN #023500 |
| Jackson, Shields, Yeiser, Holt, Owen & Bryant | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| 262 German Oaks Drive | SunTrust Plaza |
| Memphis, Tennessee 38018 | 401 Commerce Street, Suite 1200 |
| Attorneys for Plaintiffs | Nashville, TN 37219-2446 |
| | Telephone: 615.254.1900 |
| | Facsimile: 615.254.1908 |
| | Attorneys for Defendants |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 29, 2020, the foregoing Motion was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Wendy V. Miller, TN #023500
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
Telephone: 615.254.1900
Facsimile: 615.254.1908

                                                    */s/   J. Russ Bryant*

45335383.1